IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM POSEY, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BRYAN POSEY, DECEASED AND MICHAEL POSEY, INDIVIDUALLY, <br><br>Plaintiffs, <br><br>v. <br><br>SOUTHWESTERN BELL TELEPHONE L.P. A/K/A SOUTHWESTERN BELL TELEPHONE COMPANY AND DALLAS COUNTY, TEXAS, <br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:04-CV-1685-L |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Dallas County's Motion for Summary Judgment, filed June 30, 2005. Plaintiff's Response to Dallas County Motion for Summary Judgment was filed on May 25, 2005. Plaintiffs maintain that three "key depositions" could not be completed prior to the filing of their response. Two of the depositions have been completed, and the third is scheduled for July 12, 2005. Plaintiffs request leave to file their supplemental response and appendix on or about July 20, 2005.

Plaintiffs maintain that their motion meets all of the requirements of Fed. R. Civ. P. 56(f). Rule 56(f) authorizes a continuance "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." The Rule is an essential ingredient of the federal summary judgment scheme, and provides a mechanism for dealing with the problem of premature summary judgment

**Memorandum Opinion and Order - Page 1**

motions. *Celotex Corp., v. Catrett*, 477 U.S. 317, 326 (1986). The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987).

To comply with the Rule, the party opposing summary judgment need only file the specified affidavit, explaining why he cannot oppose the summary judgment motion on the merits. *Id.* Rule 56(f) motions are treated and reviewed liberally; technical, rigid scrutiny of a Rule 56(f) motion is inappropriate; *Id.*, however, since the burden is not a heavy one, the nonmovant must justify his entitlement to a continuance by presenting specific facts explaining his inability to make a substantive response. *Id.* at 137 (citing *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied*, 449 U.S. 1082 (1981)). A claim that further discovery or a trial might reveal facts of which the nonmovant is currently unaware is insufficient. *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988). A party may not rely on vague assertions that additional discovery will produce needed, but unspecified facts, *Union City*, 823 F.2d at 137, but instead must identify a genuine issue of material fact that justifies the continuance pending further discovery. *See Woods v. Federal Home Loan Bank Bd.*, 826 F.2d 1400, 1415 (5th Cir. 1987), *cert. denied,* 485 U.S. 959 (1988).

Plaintiffs seek to supplement their response with excerpts from three depositions. The deponents are former Sheriff Jim Bowles; Chief Deputy Edgar McMillan, the officer delegated to operate the jail; and Captain Ray Daberko, the officer in charge of Intake and Release. Plaintiffs contend that testimony in these depositions supports their allegations of deliberate indifference by Dallas County. Specifically, Plaintiffs contend that Sheriff Bowles testified regarding his lack of knowledge of jail procedures and the use of telephone equipment that enables inmates to commit

suicide. They maintain that Chief Deputy McMillan testified that he ordered all corded telephones in Intake and Release replaced with cord free telephones in 2000; that he was aware that jail personnel did not follow policy regarding the suicide screening questionnaire; and that he did not consider the broken telephone unreasonably dangerous to Posey. Plaintiffs anticipate that Captain Daberko will testify regarding his knowledge of Chief Deputy McMillan's 2000 order to replace all corded telephones in Intake and Release; that all but two telephones were replaced; that jail staff did not follow jail policy regarding the suicide screening form; that jail personnel were inadequately trained to perform medical and psychological screenings; that Posey was left unobserved in a jail cell; and that Posey should not have been placed in a single cell with a broken corded telephone. The court determines that Plaintiffs have shown how the additional depositions may allow them to demonstrate a genuine issue of material fact. Moreover, no defendant will be prejudiced, because the court will allow Defendants to file a reply to Plaintiffs' Supplemental Response. Accordingly, the court **grants** Plaintiff's Motion for Leave to Supplement Plaintiff's Response to Dallas County's Motion for Summary Judgment. Plaintiffs shall file their supplemental response and appendix to Dallas County's motion for summary judgment no later than **July 22, 2005**, and Defendants shall file any reply to such supplemental response by **August 5, 2005**.

**It is so ordered** this 12th day of July, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge