IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM POSEY, individually and on behalf of the Estate of Bryan Posey, deceased, and Michael Posey, individually,<br><br>     Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE, L.P., a/k/a Southwestern Bell Telephone Co., DALLAS COUNTY, TEXAS,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:04-CV-1685-L<br>§<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Leave to Amend and Brief in Support, filed April 19, 2005 and Plaintiffs' Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment and Brief in Support, filed August 3, 2005. Having considered the motions, responses, record and applicable law, the court **denies** Plaintiffs' Motion for Leave to Amend and **grants** Plaintiffs' Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment.

**I.    Factual and Procedural Background**

This lawsuit arises from the death of Bryan Posey, who hung himself with a telephone cord while in custody at the Dallas County jail. Plaintiffs filed this lawsuit in state court on June 6, 2003. Plaintiffs amended their petition several times in state court, and in Plaintiffs' Fourth Amended Petition, filed July 23, 2004, Plaintiffs added claims against Defendant Dallas County under 42 U.S.C. § 1983. On August 2, 2004, Defendant Dallas County removed this action to federal court.

Pursuant to the court's September 23, 2004 Scheduling Order, the deadline for amending the pleadings was December 14, 2004, the deadline for filing dispositive motions was August 5, 2005 and the trial date is set for November 7, 2005. Plaintiffs have now filed a Motion for Leave to Amend their pleadings and a Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment, seeking an extension from August 11, 2005 until August 25, 2005.

## II.   Analysis

### A.   Plaintiffs' Motion for Leave to Amend

Plaintiffs, four months *after* the expiration of the deadline for amending pleadings, have filed a Motion for Leave to Amend. Plaintiff seek to file an amended pleading to "more precisely articulate[] Plaintiffs' claims and allegations against Defendant Dallas County" and to "add[] a cause of action based upon the existence of a premises defect and specifically a special defect." Pl. Mot. to Amend at 2. As their sole ground for filing an untimely motion to amend the pleadings, Plaintiffs state that they "recently discovered new facts" during discovery which "materially affect Plaintiffs' claims and allegations as to the notice element required to maintain a special defect cause of action." *See id.* Plaintiffs, relying on Fed. R. Civ. P. 15(a), argue that leave of court should therefore be granted. In opposition, Defendant Dallas County argues that leave to amend should be denied, since Plaintiffs cannot show good cause for the delay and granting such leave would work a substantial prejudice on Defendant Dallas County, which has already filed its motion for summary judgment, and would cause the court to have to reopen discovery and reset the trial in this case. Defendant Southwestern Bell Telephone Company, L.P. ("SWBT") did not oppose the motion.

Pursuant to the court's Scheduling Order, the deadline for amendment of pleadings was December 14, 2004. Therefore, Plaintiffs' attempt to rely on the standards set forth in Rule 15

relating to amendment of pleadings is erroneous. While it is true that courts generally apply the standards of Rule 15(a) to determining whether to grant leave to amend, Rule 15(a) does not apply where a party has filed a motion to amend after the court-ordered pleading deadline, which is the case here. Because Plaintiffs filed their motion for leave to amend four months after the court-ordered deadline, Rule 16 applies.

Once a scheduling order has been entered, it can only be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Scheduling Order* at 8, ¶ 13 (September 23, 2004) ("Scheduling Order") ("*A motion for an extension of any deadline set forth herein must be made prior to its expiration*. This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)") (original emphasis). In deciding whether to allow untimely amendment, a court is to consider: "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enterprises, L.L.C.,* 315 F.3d at 536 (internal quotation marks, brackets and citations omitted). The court now applies these factors to determine whether Plaintiffs should be permitted leave to amend their pleadings at this late juncture.

Considering these factors, the court finds that three of the four factors weigh strongly against granting Plaintiffs leave to amend their pleadings. Regarding the first factor, as their sole grounds for filing an untimely motion, Plaintiffs state that they "recently discovered new facts" during discovery which "materially affect Plaintiffs' claims and allegations as to the notice element required to maintain a special defect cause of action." Pl. Mot. to Amend at 2. The proposed

**Memorandum Opinion and Order – Page 3**

amendment, however, appears to be based on deposition testimony which, in large part, took place on December 14, 2004.  *See* Pl. Mot. For Leave to Amend at Exhs. B and C.  Plaintiffs offer no explanation why they did not seek leave to amend directly after the depositions, rather than waiting until four months after the expiration of the deadline for amending the pleadings.  Thus, Plaintiffs' explanation for the delay, recognizing a new cause of action during discovery, "is tantamount to no explanation at all."  *See S&W Enterprises*, *LLC*, 315 F.3d at 536.  This factor thus weighs against Plaintiffs.

With regard to the third factor, the court determines that Defendants would suffer significant prejudice if the amendment is allowed. The proposed amendment adds a new theory in support of Plaintiffs' claims against Defendant Dallas County, which would require Dallas County to conduct additional discovery and research.  Given that the deadline for completing discovery expired on July 5, 2005, and given that Defendant Dallas County's motion for summary judgment has already been fully briefed and is now ripe, allowing the amendment would cause undue prejudice to Dallas County.  The third factor thus weighs in favor of Defendant Dallas County.

With respect to the fourth factor, the court determines that, though arguably the court could reopen discovery and grant an extension of discovery to cure any undue prejudice to Defendant Dallas County, such an extension would necessitate an extension of all other deadlines, including the trial date, further delaying the disposition of this case. District judges have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case.  *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997); *see also Guillory v. Dotmar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996) ("It is well established that the district court is entitled the [sic] manage its court room and docket"); *Freeman v. Continental*

**Memorandum Opinion and Order – Page 4**

*Gin Company*, 381 F.2d 459, 469 (5th Cir. 1967) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."). This case is more than two years old and would be further delayed if Plaintiffs are given leave to add a new cause of action at this late juncture. Not only would granting leave impact the timely resolution of this case, it would also affect other settings on the court's docket. The court cannot countenance such a delay absent good cause, which is lacking in this case. This factor thus weighs in favor of Defendant Dallas County.

The court concludes that Plaintiffs should not be granted leave to amend because three of the four factors decidedly weigh against Plaintiffs and in favor of Defendant Dallas County. Accordingly, the court denies Plaintiffs' Motion for Leave to Amend.

### B.   Plaintiffs' Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment

On August 3, 2005, Plaintiffs filed a Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment. Plaintiffs' current deadline to respond to SWBT's motion for summary judgment is August 11, 2005. Plaintiffs seek an extension of time to respond until August 25, 2005. As grounds for this extension, Plaintiffs state that they are unable to respond within the time provided since: (1) SWBT's motion raises numerous issues that have not been the subject of prior briefing and require extensive research and review of numerous depositions and exhibits, and (2) Plaintiffs need to respond to SWBT's motions to strike and exclude plaintiffs' experts which responses are due before the magistrate judge on August 11, 2005. *See* Pl. Mot. to Extend at 2. According to the Amended Certificate of Conference, filed August 4, 2005, SWBT does not oppose Plaintiffs' motion, so long as the court considers continuing the trial date in order to afford the court sufficient time to review the pending summary judgment motions. Defendant Dallas County, in response to a telephone call from the court's law clerk, stated that Dallas County,

**Memorandum Opinion and Order – Page 5**

as well, would not oppose the extension as long as the court considered continuing the trial setting to allow the court sufficient time to review its pending summary judgment motion. Having considered the Plaintiffs' motion for an extension of time to respond to SWBT's motion for summary judgment, and having also considered the concerns expressed by counsel for Defendants regarding the court having adequate time to consider the pending summary judgment motions, the court determines that Plaintiffs' motion for an extension of time to respond to SWBT's motion for summary judgment should be granted. The court, at this time, does not foresee any problems with having adequate time to review the pending motions for summary judgment. While the court appreciates Defendants' concerns, the court can adjust the pretrial deadlines and trial date, as necessary.

### III.   Conclusion

For the reasons herein stated, Plaintiffs have not established good cause for the court to allow Plaintiffs leave to amend the pleadings. Accordingly, the court **denies** Plaintiffs' Motion for Leave to Amend. The clerk of court is **directed** to return to Plaintiffs' counsel the original and a copy of Plaintiffs' First Amended Complaint, which was received on April 19, 2005. It is further ordered that Plaintiffs' Motion for Extension of Time to Respond to Defendant SWBT, LP's Motion for Summary Judgment is **granted**. Plaintiffs shall have until **August 25, 2005** to file their Response to Defendant SWBT's Motion for Summary Judgment. Defendant SWBT's reply, if any, shall be filed within 15 days from the date the response is filed pursuant to Local Rule 7.1(f).

**It is so ordered** this 9th day of August, 2005.

Sam A. Lindsay
United States District Judge